# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL ESCALERA, | CASE NO. CV F 07-01644 LJO WMW HC |
| Petitioner, | **ORDER DENYING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE; DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR RESPONDENT; DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY** |
| vs. | |
| VICTOR ALMAGER, | |
| Respondent. | |

On August 31, 2007, Miguel Angel Escalera ("Petitioner"), a *pro se* California prisoner, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") in the United States District Court for the Central District of California ("Central District"). (Pet. 1.)[1] On October 10, 2007, the Central District transferred the Petition to the United States District Court for the Eastern District of California ("Eastern District") pursuant to 28 U.S.C. § 2241(d), finding Petitioner's state conviction arose from the Kern County Superior Court, located within the jurisdictional boundaries of the Eastern District, and that the Eastern District was the more convenient forum. *See* 28 U.S.C. §§ 84(b), 2241(d). On November 14, 2007, the Eastern District received the Petition.

On December 11, 2007, Petitioner filed a First Amended Petition ("FAP"). On September 3,

---

[1] Although petitions for habeas corpus relief are routinely referred to a Magistrate Judge, *see* L.R. 72-302, the Court exercises its discretion to address the Petition pursuant to Local Rule 72-302(d).

1

2008, Victor Almager ("Respondent") filed an Answer to the FAP. As of the date of this Order, Petitioner has not filed a Traverse or a request for an extension of time to do so. Thus, this matter is ready for decision.

**PROCEDURAL HISTORY**

On May 4, 2005, Petitioner pled no contest in the Kern County Superior Court to possession of cocaine for sale (Cal. Health & Safety Code § 11351), and admitted being personally armed with a firearm (Cal. Penal Code § 12022(c)) and having a prior strike conviction within the meaning of California's Three Strikes Law (*id.* §§ 667(b)-(i), 1170.12). (Clerk's Tr. ("CT") 49, 105.) On July 21, 2005, the superior court sentenced Petitioner to ten years in state prison: the middle term of three years on Petitioner's possession offense, doubled to six years because of his prior strike conviction, and a four-year arming enhancement. (*Id.* 105.)

On July 21, 2005, Petitioner appealed his conviction and sentence to the California Court of Appeal. (CT 102.) On March 24, 2006, the court of appeal modified the judgment to award additional presentence custody credit and to impose a mandatory fine, surcharge, and penalty assessment, but otherwise affirmed the conviction and sentence. (Lodged Doc. ("LD") 5 at 3.) Petitioner did not file a petition for review in the California Supreme Court. (*See* FAP 2.)[2]

On December 29, 2006, Petitioner filed a habeas petition in the Kern County Superior Court, which denied the petition in a reasoned decision on February 20, 2007. (LD 6; FAP 29-31.) On March 12, 2007, Petitioner filed a habeas petition in the California Supreme Court and a supplemental habeas petition therein on May 18, 2007. (LD 7-8.) On July 25, 2007, the supreme court summarily denied the habeas petition. (FAP 27.)

On August 31, 2007, Petitioner filed his federal Petition in the Central District, and this Court received the Petition on November 14, 2007.

**FACTUAL BACKGROUND**[3]

The following information has been taken from the presentence report.

---

[2] For ease of reference, the Court utilizes the CM/ECF pagination for the FAP.

[3] Because the California courts did not recite the factual background, the Court adopts the factual background from Petitioner's Opening Brief on direct appeal as a fair and accurate summary of the evidence presented at trial.

2

> On November 18, 2004, officers with the Bakersfield Police Department conducted a surveillance of a residence in an attempt to contact and arrest [Petitioner]. [Petitioner] was the subject of a warrant out of West Covina, Los Angeles County that had been issued for attempted homicide and kidnaping. [Petitioner] was arrested after he was observed exiting the residence and entering a vehicle with a female subject.[4] Following the arrest, the subject informed the officers that she had resided at the residence with [Petitioner] for the past nine months and had observed him in possession of cocaine on numerous occasions. A search warrant was then obtained and the residence was searched. Two safes were located in the master bedroom that contained a quantity of packaged cocaine, methamphetamine, a loaded revolver, and a digital scale. More methamphetamine and a large amount of currency was discovered hidden in the kitchen. While being transported to Los Angeles after his arrest, [Petitioner] made statements admitting possession of the cocaine and methamphetamine. (Probation Report p. 6-7.)

(LD 4 at 3.)

## PETITIONER'S CLAIMS

1. Ineffective assistance of trial counsel (FAP 4, 16);

2. Use of Petitioner's prior conviction to enhance his sentence violates the Double Jeopardy Clause (*id.* 4, 13, 20);

3. Use of Petitioner's prior conviction to enhance his sentence violates his right to a jury trial (*id.* 5, 17, 21);

4. Use of Petitioner's prior conviction to enhance his sentence violates the terms of two prior plea agreements (*id.* 5, 19); and

5. Petitioner was subject to an unreasonable search and seizure (*id.* 8, 24).

## STANDARD OF REVIEW

The current Petition was filed after the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), was signed into law and is thus subject to its provisions. *See Lindh v. Murphy*, 521 U.S. 320, 326-327 (1997). The standard of review applicable to Petitioner's claims is set forth in 28 U.S.C. § 2254(d), as amended by the AEDPA:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable

---

[4] [Petitioner's Opening Brief footnote 2:] According to the reporter's transcript, [Petitioner] was arrested only on the warrant. A complaint as to the instant Kern County case was filed on January 6, 2005, at which time a warrant was issued for his arrest. At the time, [Petitioner] was in custody in Los Angeles County jail. Los Angeles County ultimately did not pursue the matter that was the subject of the arrest warrant. (Probation Report, p.2; RT, vol. 1, 19-22.)

3

> application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the AEDPA, the "clearly established Federal law" that controls federal habeas review of state court decisions consists of holdings (as opposed to dicta) of Supreme Court decisions "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). To determine what, if any, "clearly established" United States Supreme Court law exists, the court may examine decisions other than those of the United States Supreme Court. *LaJoie v. Thompson*, 217 F.3d 663, 669 n.6 (9th Cir. 2000). Ninth Circuit cases "may be persuasive." *Duhaime v. Ducharme*, 200 F.3d 597, 598 (9th Cir. 2000) (as amended). On the other hand, a state court's decision cannot be contrary to, or an unreasonable application of, clearly established federal law if no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court. *Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004); *see also Carey v. Musladin*, 549 U.S. 70, 76-77 (2006).

A state court decision is "contrary to" clearly established federal law if the decision either applies a rule that contradicts the governing Supreme Court law, or reaches a result that differs from the result the Supreme Court reached on "materially indistinguishable" facts. *Early v. Packer*, 537 U.S. 3, 8 (2002) (per curiam); *Williams*, 529 U.S. at 405-06. When a state court decision adjudicating a claim is contrary to controlling Supreme Court law, the reviewing federal habeas court is "unconstrained by § 2254(d)(1)." *Williams*, 529 U.S. at 406. However, the state court need not cite or even be aware of the controlling Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8.

State court decisions which are not "contrary to" Supreme Court law may only be set aside on federal habeas review "if they are not merely erroneous, but 'an *unreasonable* application' of clearly established federal law, or are based on 'an *unreasonable* determination of the facts.'" *Early*, 537 U.S. at 11 (*quoting* 28 U.S.C. § 2254(d)). Consequently, a state court decision that correctly identified the governing legal rule may be rejected if it unreasonably applied the rule to the facts of a particular case.

4

*Williams*, 529 U.S. at 406-10, 413; *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam). However, to obtain federal habeas relief for such an "unreasonable application," a petitioner must show that the state court's application of Supreme Court law was "objectively unreasonable." *Woodford*, 537 U.S. at 24-25, 27. An "unreasonable application" is different from an "erroneous" or "incorrect" one. *Williams*, 529 U.S. at 409-10; *see also Waddington v. Sarausad*, 129 S. Ct. 823, 831 (2009); *Woodford*, 537 U.S. at 25.

A state court factual determination must be presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Furthermore, a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

## DISCUSSION

### Claim One

In his first claim, Petitioner alleges several instances of ineffective assistance of trial counsel before and during the proceedings that resulted in Petitioner's plea of no contest. (FAP 4, 16-19.) The California Supreme Court summarily denied this claim. (FAP 27.) While a state court's summary denial is considered to be on the merits, *see Hunter v. Aispuro*, 982 F.2d 344, 347-48 (9th Cir. 1992), here there is no "reasoned" state court decision on this claim, and the Court accordingly conducts an "independent review of the record." *See Delgado v. Lewis*, 223 F.3d 976, 981-82 (9th Cir. 2000). "That is, although we independently review the record, we still defer to the state court's ultimate decision." *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

For a petitioner to prevail on an ineffective assistance of counsel claim, he must show: (1) that counsel's performance was deficient, and (2) that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court evaluating an ineffective assistance of counsel claim does not need to address both components of the test if the petitioner cannot sufficiently prove one of them. *Id.* at 697; *Thomas v. Borg*, 159 F.3d 1147, 1151-52 (9th Cir. 1998).

To prove deficient performance, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88. Because of the difficulty in evaluating counsel's performance, there is a "strong presumption that counsel's conduct falls within the

5

wide range of reasonable professional assistance." *Id.* at 689. Only if counsel's acts or omissions, examined in light of all the surrounding circumstances, fell outside this "wide range" of professionally competent assistance will the petitioner prove deficient performance. *Id.* at 690; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995). The petitioner must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.

Establishing counsel's deficient performance does not warrant setting aside the judgment if the error had no effect on the judgment. *Id.* at 691; *Seidel v. Merkle*, 146 F.3d 750, 757 (9th Cir. 1998). A petitioner must show prejudice such that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. *Strickland*, 466 U.S. at 694. The prejudice analysis equally applies in the plea context. *See Hill v. Lockhart*, 474 U.S. 52, 57, 59 (1985) ("[I]n order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."). A petitioner will only prevail if he can prove that counsel's errors resulted in a "proceeding [that] was fundamentally unfair or unreliable." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

First, Petitioner contends that he "never saw State counsel but for just minutes, just during each court appearance." (FAP 16.) However, at the time of Petitioner's plea, the trial court asked Petitioner "Have you had enough time to discuss the plea, the admission on the prior, as well as the armed clause with your attorney, Mr. Lukehart?", to which Petitioner responded "Yes, sir." (Rep.'s Tr. ("RT") 8-9.) In addition, Petitioner has not shown how, having had more contact with his trial counsel, he would not have pled no contest[5] and would have insisted on going to trial.

Second, Petitioner states that his counsel promised to file a suppression motion and a motion to dismiss, yet counsel did not do so. (FAP 16.) Petitioner must overcome the presumption that his counsel's decision not file a suppression motion and a motion to dismiss "might be considered sound

---

[5] Petitioner's plea of no contest, or "nolo contendere," is equivalent to a plea of guilty. *See* Cal. Penal Code § 1016 ("The court shall ascertain whether the defendant completely understands that a plea of nolo contendere shall be considered the same as a plea of guilty and that, upon a plea of nolo contendere, the court shall find the defendant guilty. The legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes. . . .").

trial strategy." *Strickland*, 466 U.S. at 689. In addition, trial counsel need not file a motion that he or she knows to be meritless on the facts and the law. *See Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994). Here, Petitioner provides no grounds for a suppression motion or a motion to dismiss. Furthermore, the prosecution had ample evidence to convict Petitioner of possession of cocaine for sale and being personally armed with a firearm. While being transported to Los Angeles after his arrest, Petitioner admitted to the possession of cocaine and methamphetamine found in a residence, which contained (1) two safes that housed a quantity of packaged cocaine, methamphetamine, a loaded revolver, and a digital scale, and (2) methamphetamine and a large amount of currency in the kitchen. (LD 4 at 3.)

Third, Petitioner claims his counsel failed to investigate and prepare for his case, and did not obtain a copy of Petitioner's 1993 plea agreement and hearing transcripts before advising Petitioner on how to "handle" his prior strike allegations. (FAP 17.) Petitioner's assertion is conclusory and unsupported, and Petitioner fails to show any prejudice from his allegation. *See Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995) (finding a petitioner's conclusory allegations did not meet the specificity requirement); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

Fourth, Petitioner states that his counsel failed to protect him and inform him of a complete and correct set of facts and the consequences of a plea of no contest. (FAP 17.) Petitioner's allegation that his counsel failed to inform him of his case is conclusory and unsupported, and Petitioner's claim that his counsel failed to explain the consequences of his plea is belied by Petitioner's acknowledgment during plea proceedings that he "had enough time to discuss the plea, the admission on the prior, as well as the armed clause" with his attorney. (RT 8-9.) In addition, the trial court fully explained the consequences of Petitioner's plea. (*Id.* 2-8.)

Fifth, Petitioner alleges that his counsel "lied" to him by stating that if Petitioner "did not admit to the State's allegations in open court [Petitioner] was going to spend 51 years to the rest of his life in . . . prison . . . ." (FAP 17.) The transcript of plea proceedings provides the best evidence on the issue of coercion. *See, e.g.*, *United States v. Jimenez-Dominguez*, 296 F.3d 863, 869 (9th Cir. 2002). Petitioner's claim fails because the trial court provided a complete and correct explanation of the

consequences of Petitioner's plea (*see* RT 2-9), and Petitioner acknowledged that no other promises were made to induce him to enter his plea (*see id.* 6).

Finally, Petitioner contends his trial counsel filed a motion to strike his prior 1993 conviction only after Petitioner admitted in open court that he did in fact suffer that conviction. (FAP 17.) Petitioner fails to show prejudice from counsel's timing because it did not prevent the trial court from considering whether to strike the prior conviction for the purpose of sentencing. *See, e.g.*, *People v. Carmony*, 33 Cal. 4th 367, 372-74 (2004) (acknowledging trial court's discretion to strike defendant's prior convictions); *see also People v. Lee*, 161 Cal. App. 4th 124, 126-29 (2008) (same).

Based on the foregoing, Petitioner fails to show trial counsel's performance was deficient. *Strickland*, 466 U.S. at 687-88. Moreover, even if trial counsel's performance was deficient, Petitioner fails to show the result of the trial would have been any different. *Id.* Accordingly, the Court finds that the California courts' rejection of Petitioner's ineffective assistance of trial counsel claim was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. Thus, habeas relief is not warranted on this claim.

### Claim Two

In his second claim, Petitioner asserts that use of a prior conviction to enhance his current sentence violates the Double Jeopardy Clause. (FAP 4, 13, 20-21.) Because the California Supreme Court summarily denied this claim, the Court must "look through" to the last reasoned decision, that of the Kern County Superior Court on habeas review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). In rejecting Petitioner's claim, the superior court stated:

> [Petitioner] does not cite any authority, nor is the court aware of any authority which declares the three strikes law as applied here unconstitutional on the grounds [Petitioner] alleges. The criminal file notes that [Petitioner] was convicted of grossly negligently [sic] firing a firearm in 1993, and in 1998 convicted of Penal Code Section 245(a)(1) which is assault with a deadly weapon likely to cause great bodily injury. These prior convictions could be, and in fact were, taken into account to determine sentencing on his present crimes. Petitioner is not being refurnished for his previous convictions. The legislature gave the court authority to take previous convictions into account before imposing sentence on his present crimes.

(FAP 31.)

The Double Jeopardy Clause protects against successive prosecutions for the same offense after an acquittal or conviction, and against multiple punishments for the same offense. *Monge v. California*,

524 U.S. 721, 727-28 (1998); *Witte v. United States*, 515 U.S. 389, 397 (1995). However, "[e]nhancement statutes, [such as] recidivist statutes which are common place in state criminal laws, do not change the penalty imposed for the earlier conviction." *Witte*, 515 U.S. at 400 (internal quotation marks and citation omitted). "In repeatedly upholding such recidivism statutes," the Supreme Court has "rejected double jeopardy challenges because the enhanced punishment imposed for the later offense is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes, but instead as a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one." *Id.* (internal quotation marks omitted).

Here, use of Petitioner's prior conviction to enhance his current sentence did not place Petitioner in double jeopardy. *Witte*, 515 U.S. at 400; *see, e.g.*, *Simpson v. Thomas*, 528 F.3d 685, 689-90 (9th Cir. 2008) (stating California's Three Strikes Law does not violate the Double Jeopardy Clause); *Allen v. Stratton*, 428 F. Supp. 2d 1064, 1077-78 (C.D. Cal. 2006) (same).

Accordingly, the Court finds that the California courts' rejection of Petitioner's double jeopardy claim was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. Thus, habeas relief is not warranted on this claim.

### Claim Three

In his third claim, Petitioner states that use of a prior conviction violates his right to a jury trial. (FAP 5, 17, 21-23.) Because the California Supreme Court summarily denied this claim, the Court must "look through" to the last reasoned decision, that of the Kern County Superior Court on habeas review. *See Ylst*, 501 U.S. at 803-05. In rejecting Petitioner's claim, the superior court stated:

> The court also notes [Petitioner's] arguments as to the nolo contender plea. Petitioner cites authority which requires that such a plea [be] know[ing], voluntary, and intelligent. Petitioner alleges that he was not aware of the consequences of this plea, and that he now wants a jury trial to revisit the case. The file indicates that there was an exhaustive explanation of the rights [Petitioner] would be giving up if he chose to plead guilty. This exhaustive list of his relinquished rights was done by the judge on May 4, 2005. It was noted in the file that [Petitioner] has requested a jury trial and pled not guilty. The jury trial set for May 4, 2005 was vacated due to his plea of nolo contender. The court did not take counsel's assertions of [Petitioner's] understanding of the consequences of such a plea alone but independently determined on its own that [Petitioner] desired to plea nolo contender. Further, the appeals court in its ruling independently review[ed] the entire record and found no reason to disturb the convictions. The conviction was affirmed in all respects on March 21, 2006 save for applying additional sentencing credits which were awarded [Petitioner].

(FAP 30-31.)

"Petitioner has no federal right to have a jury decide" the "existence of a prior conviction." *Davis v. Woodford*, 446 F.3d 957, 963 (9th Cir. 2006). The fact that Petitioner had a state statutory right to a jury trial on his prior convictions does not avail him. *See Dillard v. Roe*, 244 F.3d 758, 769 (9th Cir.2001) (discussing Cal. Penal Code § 1025). The Constitution permits prior convictions to be used to enhance a sentence, without being submitted to a jury, so long as the convictions were themselves obtained in proceedings that required the right to a jury trial and proof beyond a reasonable doubt. *Apprendi v. New Jersey*, 530 U.S. 466, 488 (2000). There is no suggestion that Petitioner's prior convictions were obtained without the requisite procedural safeguards. In any event, Petitioner admitted the fact of his prior convictions when he entered his plea of no contest. (RT 2-10.)

Accordingly, the Court finds that the California courts' rejection of Petitioner's jury trial claim was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. Thus, habeas relief is not warranted on this claim.

**Claim Four**

In his fourth claim, Petitioner argues that use of his prior conviction to enhance his sentence violates the terms of a 1993 and 1998 plea agreement. (FAP 5, 19-20.) Because the California Supreme Court summarily denied this claim, the Court must "look through" to the last reasoned decision, that of the Kern County Superior Court on habeas review. *See Ylst*, 501 U.S. at 803-05. In rejecting Petitioner's claim, the superior court stated:

> [Petitioner] does not cite any authority, nor is the court aware of any authority which declares the three strikes law as applied here unconstitutional on the grounds [Petitioner] alleges. The criminal file notes that [Petitioner] was convicted of grossly negligently [sic] firing a firearm in 1993, and in 1998 convicted of Penal Code Section 245(a)(1) which is assault with a deadly weapon likely to cause great bodily injury. These prior convictions could be, and in fact were, taken into account to determine sentencing on his present crimes. Petitioner is not being refurnished for his previous convictions. The legislature gave the court authority to take previous convictions into account before imposing sentence on his present crimes.

(FAP 31.)

Due process guarantees under the Fifth Amendment require that a defendant's guilty plea be voluntary and intelligent. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *Torrey v. Estelle*, 842 F.2d 234, 235 (9th Cir. 1988). A plea of guilty is voluntary only if it is "entered by one fully aware of the *direct*

consequences" of his plea. *Torrey*, 842 F.2d at 235 (*quoting Brady v. United States*, 397 U.S. 742, 755 (1970)) (citation and internal quotation marks omitted). "[A]lthough a defendant is entitled to be informed of the direct consequences of the plea, the court need not advise him of all the possible collateral consequences." *Id.* (internal quotation marks omitted); *accord United States v. Amador-Leal*, 276 F.3d 511, 514 (9th Cir. 2002).

"The distinction between a direct and collateral consequence of a plea turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." *Torrey*, 842 F.2d at 236 (internal quotation marks omitted). "In many cases, the determination that a particular consequence is 'collateral' has rested on the fact that it was in the hands of another government agency or in the hands of the defendant himself." *Id.* "In determining the voluntariness of a plea and whether it has been made intelligently, the court cannot be required to foresee an accused's future conduct and to predict all possible alternative ramifications thereof." *Id.* "The possibility that the defendant will be convicted of another offense in the future and will receive an enhanced sentence based on an instant conviction is not a direct consequence of a guilty plea." *United States v. Brownlie*, 915 F.2d 527, 528 (9th Cir. 1990).

In addition, under California law, plea bargains are interpreted according to contract law principles, *see Buckley v. Terhune*, 441 F.3d 688, 694-95 (9th Cir. 2006) (en banc), and a criminal defendant has a due process right to enforce the terms of his plea agreement, *id.* at 694 (*citing Santobello v. New York*, 404 U.S. 257, 261-62 (1971)). Plea bargains are "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws." *Davis*, 446 F.3d at 962 (citation and internal quotation marks omitted).

Here, to the extent Petitioner alleges that imposition of a sentencing enhancement violates the terms his 1993 and 1998 plea agreement, his claim is without merit. First, use of Petitioner's prior 1993 conviction to enhance his sentence is not a "direct consequence" of any plea agreements. This is because use of the 1993 conviction as an enhancement was not a result that represented a "definite, immediate and largely automatic effect on the range of the defendant's punishment." *Torrey*, 842 F.2d at 236. The use of Petitioner's 1993 conviction is rather a "collateral consequence" in "the hands of the defendant himself," *id.*; "[t]he possibility that the defendant will be convicted of another offense in the future and

will receive an enhanced sentence based on an instant conviction is not a direct consequence of a guilty plea," *Brownlie*, 915 F.2d at 528. Therefore, the trial courts were not required to advise Petitioner of the potential use of his convictions as enhancements under California law.

Second, Petitioner does not show an express term limiting the State's power to use his prior convictions for future sentencing enhancements. (*See* CT 66-81.) In addition, nothing in the record suggests that Petitioner, much less the State, understood any plea agreements to limit future enhancements based on Petitioner's prior convictions. Furthermore, the comments of the judge during Petitioner's 1993 plea proceeding neither explicitly nor implicitly altered the terms of Petitioner's plea agreement. (*See* CT 66-81.)

Accordingly, the Court finds that the California courts' rejection of Petitioner's claim was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. Thus, habeas relief is not warranted on this claim.

## **Claim Five**

In his fifth and final claim, Petitioner contends that he was subject to an unreasonable search and seizure. (FAP 8, 24.) Specifically, Petitioner claims that there was no probable cause for his arrest warrant. (*Id.* 24.) Because the California Supreme Court summarily denied this claim, the Court must "look through" to the last reasoned decision, that of the Kern County Superior Court on habeas review. *See Ylst*, 501 U.S. at 803-05. In rejecting Petitioner's claim, the superior court stated:

> Petitioner contends that as he was driving his vehicle, he was stopped by police, and forcibly with his girlfriend taken from the vehicle and driven to his house and coerced to open up a safe in which cocaine and a weapon were found.
> The facts in [Petitioner's] petition differ from those he raised on appeal. In his appellate brief, [Petitioner] states that there was a warrant for his arrest in Los Angeles County for attempted murder and kidnapping. Pursuant to also [sic] police surveillance, [Petitioner] was arrested pursuant to a warrant outside his home as he was getting into the automobile. His girlfriend at the time mentioned the possession of illegal drugs.
> Even if [Petitioner] still contends that his conviction was due to an illegal search and seizure, such matters are not cognizable in habeas corpus proceedings. *In re Harris*, (1993) Cal.4th 813, 826. Likewise admissibility of evidence is also not a subject for habeas corpus petitions. *In re Harris*, (1993) 5 Cal.4th 813, 836.

(FAP 30.) Here, the Kern County Superior Court did not reach the merits of Petitioner's search and seizure claim. The Court accordingly conducts a de novo review of this claim. *See Pirtle*, 313 F.3d at 1167-68 ("[W]e hold that when it is clear that a state court has not reached the merits of a properly raised

issue, we must review it de novo. . . . Nonetheless, under AEDPA, factual determinations by the state court are presumed correct and can be rebutted only by clear and convincing evidence.").

If the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not pursue habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure should have been excluded from trial. *See Stone v. Powell*, 428 U.S. 465, 494 (1976). California law expressly provides a defendant with an opportunity to move to suppress evidence on the basis that it was obtained in violation of the Fourth Amendment. *See* Cal. Penal Code § 1538.5. "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996) (recognizing that California Penal Code section 1538.5 provides a defendant a full and fair opportunity to litigate his claim in state court within the meaning of *Stone*).

Here, although Petitioner had the opportunity to present a motion to suppress evidence, he did not do so. In addition, Petitioner pled no contest to possession of cocaine for sale and admitted being personally armed with a firearm. Accordingly, Petitioner's Fourth Amendment claim is not cognizable on federal habeas review.

## Certificate of Appealability

An applicant seeking to appeal a district court's dismissal of a habeas petition under 28 U.S.C. § 2254 must first obtain a certificate of appealability ("COA") from a district judge or circuit judge. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A judge should either grant the COA or state reasons why it should not issue, and the COA request should be decided by a district court in the first instance. Fed. R. App. P. 22(b)(1); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

The applicant for a COA must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). A "substantial showing" is defined as a demonstration (1) that the issues are debatable among jurists of reason; (2) that a court could resolve the issues differently; or (3) that issues are adequate to deserve encouragement to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see Slack*, 529 U.S. at 483-84 (stating that except for substituting the word "constitutional" for

the word "federal," § 2253 codified the pre-AEDPA standard announced in *Barefoot v. Estelle*).

Where, as present here, a district court has rejected constitutional claims on their merits, the COA standard is straightforward. "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court has reviewed the record of this case and finds that reasonable jurists would not find the Court's assessment of the constitutional claims debatable or wrong. On the merits of this case, reasonable jurists would not debate the constitutionality of Petitioner's conviction and sentence. Accordingly, the Court declines to issue a certificate of appealability.

## **CONCLUSION AND ORDER**

For the reasons discussed above, the Court DENIES the First Amended Petition for Writ of Habeas Corpus with prejudice and DECLINES the issuance of a certificate of appealability. The Clerk of Court is ORDERED to enter Judgment for Respondent and to close Case No. CV F 07-01644 LJO WMW HC.

IT IS SO ORDERED.

**Dated:     March 18, 2009                         /s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE